UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

PORNCHANOK PLIANJINDA,

    Plaintiff,

v.

NCL (BAHAMAS) LTD. and QIANNI WU,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff hereby sues Defendants and alleges as follows:

### JURISDICTIONAL AND PRELIMINARY ALLEGATIONS

1. Plaintiff, PORNCHANOK PLIANJINDA, is a citizen of Canada.

2. Defendant, NCL (BAHAMAS) LTD. ("NCL"), is a foreign corporation with its principal place of business in Florida.

3. Defendant, QIANNI WU, is a citizen of the state of New York.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

5. At all times material hereto, NCL personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

- 2 -

    d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 and/or 48.193;

    e. The acts of NCL set out in this Complaint occurred in whole or in part in this county and/or state.

    f. NCL was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard their vessel.

6. Defendant, QIANNI WU, is a party to a passenger ticket contract for the subject cruise aboard the vessel, the *Norwegian Gem*, and pursuant to the terms and conditions of the ticket contract, has subjected himself to the jurisdiction of this Court.  In addition, upon information and belief, Defendant, QIANNI WU:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state; and/or

    c. Committed one or more of the acts stated in Florida Statute § 48.193.

7. Defendants are subject to the jurisdiction of the Courts of this state.

8. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

9. At all times material hereto, NCL owned, operated, managed, maintained and/or controlled the vessel, the *Norwegian Gem*.

10. On or about January 11, 2015, the Plaintiff was a paying passenger on NCL's vessel, the *Norwegian Gem*, which was in navigable waters.

11. On or about January 11, 2015, another passenger aboard the vessel, QIANNI WU, forced himself into the Plaintiff's cabin, where he physically and sexually assaulted the Plaintiff.

12. Following the above incident, the Plaintiff reported the incident to NCL's security officer(s). NCL's security officer(s), however, treated the Plaintiff with indifference and hostility. In addition, when the Plaintiff notified the security officer(s) that she wanted to press charges against the alleged assailant, NCL's security officer(s) attempted to dissuade the Plaintiff from pressing charges by stating that the FBI would have to get involved and the Plaintiff would be "stuck" aboard the vessel for hours.

13. Instances of rapes and/or sexual assault occur aboard NCL's vessels at an alarming rate. Yet NCL fails to take adequate steps or provide adequate security and/or training and/or supervision to prevent such rapes and/or sexual assaults, and fails to warn its passengers of the growing epidemic of rape and sexual assault at sea. NCL's motive for failing to warn its passengers is financial in nature; that is, NCL willfully chooses not to warn its passengers about rapes and sexual assaults aboard its ships so as not to scare any prospective passengers away. Such willful and outrageous conduct on the part of NCL exposes NCL to punitive damages. *See Lobegeiger v. Celebrity Cruises, Inc.*, No. 11-21620, 2011 WL 3703329, 2011 U.S. Dist. LEXI S 93933 (S.D. Fla Aug. 23, 2011).

## COUNT I – NEGLIGENCE AGAINST NCL

The Plaintiff realleges, incorporates by reference, and adopts her allegations set forth in paragraphs one (1) through thirteen (13) as though alleged originally herein.

14. At all times material hereto, it was the duty of NCL to provide Plaintiff with reasonable care under the circumstances while she was a passenger aboard NCL's ship.

15. On or about January 11, 2015, the Plaintiff was injured due to the fault and negligence of NCL, and/or its agents, servants and/or employees, as follows:

- 4 -

a. Failing to provide reasonably safe conditions for the Plaintiff during her voyage aboard the *Norwegian Gem*.  Reasonably safe conditions include, but are not limited to, preventing an atmosphere wherein persons could physically and/or sexually assault other passengers; having adequate security personnel aboard its vessel and/or passenger cabin hallways; and/or controlling passengers who were clearly and/or visibly intoxicated so as to be dangerous to others; and/or

b. Failing to protect passengers from physical and/or sexual assaults by other passengers; and/or

c. Failing to adequately monitor passengers so as to keep them away from dangerous passengers and/or dangerous situations; and/or

d. Failure to adequately monitor ship's common areas, including the passenger cabin hallways, so as to timely identify and respond to passenger physical and/or sexual assaults; and/or

e. Failure to maintain and/or monitor security cameras on the vessel, including the passenger cabin hallways, in order to identify potential dangerous situations, incidents, and/or passengers; and/or

f. Failing to promulgate and/or enforce adequate policies and/or procedures designed to prevent passengers from committing physical and/or sexual assaults against other passengers aboard the ship; and/or

g. Failing to promulgate and/or enforce adequate policies and/or procedures designed to prevent passengers from being physically and/or sexually assaulted by other passengers aboard the ship; and/or

h. Failing to promulgate and/or enforce adequate policies and/or procedures designed to prevent passengers from gaining access to certain deck areas without authorization; and/or

i. Failing to adequately monitor and control the conduct of passengers; and/or

j. Failing to warn passengers of the dangers of sexual assaults aboard NCL's ships; and/or

k. Failing to warn passengers of the prevalence of sexual assaults aboard NCL's ships; and/or

l. Failing to provide adequate supervision and/or security for passengers aboard its vessels; and/or

m. Failing to have adequate security aboard the vessel; and/or

n. Failing to adequately train security; and/or

o. Failing to adequately supervise security; and/or

p. Failing to have security act reasonably and/or adequately and/or timely; and/or

q. Failure to have passenger staterooms equipped with entry doors that include a peep hole or other means of visual identification; and/or

r. Failure to comply with the Cruise Vessel Safety & Security Act of 2010 (46 U.S.C. § 3507, et seq.).

16. All or some of the above acts and/or omissions by NCL, its agents and/or employees, directly caused and/or contributed to the Plaintiff being physically and sexually assaulted after another passenger, QIANNI WU, aboard the vessel forced himself into the Plaintiff's cabin.

17. Based on the prevalence of sexual assaults aboard NCL's ships, NCL knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that NCL, in the exercise of reasonable care under the circumstances,

should have learned of them and corrected them.  In addition, upon information and belief, the alleged assailant, QIANNI WU, was visibly intoxicated and/or involved in other incidents during the cruise and prior to the subject incident so that NCL was or should have been on notice that the he was problematic and/or dangerous.

18. As a direct and proximate result of the negligence of NCL, the Plaintiff was injured about her body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries including psychiatric care, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against NCL, including punitive damages, and demands jury trial of all issues so triable.

### COUNT II – INTENTIONAL TORT AGAINST QIANNI WU
### FOR PHYSICAL AND/OR SEXUAL ASSAULT

The Plaintiff realleges, incorporates by reference, and adopts her allegations set forth in paragraphs one (1) through thirteen (13) as though alleged originally herein.

19. On or about January 11, 2015, QIANNI WU physically and/or sexually assaulted the Plaintiff.

20. As a direct and proximate result of QIANNI WU'S intentional tort of physical and/or sexual assault against the Plaintiff, the Plaintiff was injured about her body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability,

impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries including psychiatric care, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against QIANNI WU, including punitive damages, and demands jury trial of all issues so triable.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:  */s/ Jason R. Margulies*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com
